UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEROME HOOKS,

*Plaintiff*,

vs.

WARDEN WILLIAMS,

*Defendant*.

Case No. 2:13-cv-01899-APG-PAL

**ORDER**

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A. The Court defers action on the pauper application at this time.

*Screening Standard*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of

a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *[Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### *Discussion*

In addition to the foregoing, the Court notes that, under Local Rule LSR 2-1, a plaintiff filing a civil rights action must use the Court's required civil rights complaint form. A plaintiff must respond to all inquiries in the complaint form, and he must follow all instructions in the complaint form. *Inter alia*, the instructions for the complaint form permit a plaintiff to assert only one constitutional violation per count.

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must contain a short and *plain* statement of the claims presented and relief sought. While a pleading can violate the rule by saying too little, a pleading also can violate the rule by saying too much or failing to state claims clearly. Opaque, prolix and/or confusing complaints thus are subject to potential dismissal under Rule 8(a), as such pleadings impose unfair burdens on judges and litigants in screening and responding to the pleading. *See, e.g., Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

In the present case, plaintiff has failed to follow the instructions for the complaint form; and he further has filed a complaint that, while not overly prolix, is opaque and confusing. The complaint in particular is full of *non sequiturs* – meaning that defendants, claims and allegations simply do not fit together consistently over the course of the pleading.

At the outset, plaintiff did not respond to the " dates" inquiry on page 1. The spaces in question are for the *dates* on which the alleged events occurred, not for identification of the constitutional rights invoked. That perhaps may sound like a minor matter, but the confusion as to what happened *when* only gets worse as one attempts thereafter to follow the allegations in the body of the complaint.

Plaintiff further states on page 1 that the events were directed against him at High Desert State Prison ("High Desert"), but all of the listed defendants are employed at Southern Desert Correctional Center ("Southern Desert"). It is a bit difficult to pursue claims of constitutional violations allegedly committed at High Desert when all of the named defendants instead are alleged to have worked at a different facility. This again perhaps may sound like a minor matter of a response to one initial question. However, similar to the issue with the dates, the confusion as to *who* did *what where* only gets worse as one gets deeper into the complaint.

Thereafter, there additionally is no consistency as to *what* claims are being pursued across the complaint.

In the introductory "Nature of the Case" portion of the complaint, plaintiff appears to refer to the following claims:

    (a)    a claim that he has been subjected to "a lot of retaliative actions" because he files grievances when his rights are violated "by staff at S.D.C.C. and also by staff at H.D.S.P.";

    (b)    a claim that he was in "reentry" for about a year and a half – sometime and somewhere – and the nurses forced him to take a tuberculosis shot (or go to segregation) rather than just have a chest x-ray as a doctor allegedly had said should be done;

    (c)    a claim that Officer Richardson used excessive force when "he put his hands on me;"

    (d)  a claim that he then was taken to segregation because Richardson said that plaintiff threatened him; and

    (e)  a claim that plaintiff has been "retaliated on an [sic] singled out, an [sic] wrote up for threats because of the first write up of threats, [and] they just kept charging me with threats."

  Many of these alleged circumstances are never mentioned again in the complaint. The counts in the body of the complaint refer to claims that never were referenced in the Nature of the Case. Thereafter, the prayer makes allegations regarding claims that are included within neither the Nature of the Case or the counts of the complaint.

  In Count I, plaintiff alleges that he was denied rights to or under procedural due process, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and "the Bill of Rights." He alleges that "first of all" he was denied alleged procedural rights with regard to "my hearing" on some unspecified date at some unspecified facility by an unspecified defendant or defendants with regard to some unspecified issue or issues. He then alleges "with all of this being said," that Sergeant Torsky, a Southern Desert defendant, identified him as a troublemaker to another officer – who is not identified as a defendant – "when I was first comeing [sic] to" High Desert. He alleges that thereafter on the unspecified date he was left outside facing a wall in 108 degree weather with no water by unspecified officers at some facility, that he then was left in a hot van without air conditioning, and that "[w]hen we got to H.D.S.P. they put us back in the sun." Count I thus does not appear to be restricted to one constitutional violation. Nor is it fully clear who did what, when, and where on the multiple claims that are included in the count.

  In Count II, plaintiff alleges that he was denied a right to procedural due process "and my Fourteenth Amendment rights." He further seeks in the listing of rights violated to have the Court adopt the State's general statute of limitations for personal injury actions for § 1983 actions. In this instance, plaintiff does refer to an incident on a specific date at a chow hall – at some facility – at which his meal was taken away from him by officers and he was told that if he did not go back to his cell he would be put in segregation. None of the officers referred to in Count II at the unspecified facility are listed as defendants. Plaintiff alleges that "now this shows you they don't follow any of the rules."

1    In Count III, plaintiff makes broad allegations regarding the handling of grievances and appeals
2 by himself and other inmates. He alleges that what defendants Torsky and Starks "be doing to inmates
3 back here in segregation units is coming to an end real soon because karma, what go [sic] around comes
4 around just wait and see." Plaintiff alleges that every time that he submitted a grievance or appeal
5 something would come up missing in the paperwork, so he started numbering and dating everything
6 that he submitted. He lists a number of other inmates that the same thing allegedly happened to as well
7 as a number of his grievances where it happened. He concludes: "Now all of us can't be lieing [sic]
8 about this matter. All of these staff members don't follow any of the institutional rules or procedure,
9 but they come down hard on us."

10   In the prayer, plaintiff includes operative factual allegations pertaining to actions of defendants
11 Starks and Torsky apparently concerning claims regarding his transfer to High Desert and his
12 adjudication of guilt on a disciplinary charge, as well as regarding the consequences of the disciplinary
13 conviction.

14   The complaint thus is opaque and confusing as to most of the basics of *what* claims plaintiff is
15 pursuing, *when* and *where* any such claims allegedly arose, and *who* plaintiff is seeking to sue on each
16 such claim. The complaint is not suitable for screening, much less service for a response.

17   First, plaintiff must clearly state actual claims for relief – *who* did *what, where,* and *when* –
18 rather than providing a stream of consciousness rant about the alleged unfairness of prison life. What
19 plaintiff says about karma perhaps may be true, but if plaintiff does not present coherent claims alleging
20 specifically what was done by who where and when, this action will be dismissed by a final judgment.

21   Second, plaintiff must allege the operative factual allegations for his claims in the body of the
22 counts themselves. He may not do as he has done here: indiscriminately setting forth some factual
23 allegations in the listing of defendants, some in the Nature of the Case section, some in the listing of
24 the rights violated, and finally with some more sprinkled in the prayer for relief. The body of the
25 *counts* is where plaintiff must set forth the factual allegations for his claims. The list of defendants is
26 just for a list of defendants with a brief statement as to how each defendant acted under color of state
27 law, such as "acted pursuant to authority as a state corrections department prison case worker." The
28 Nature of the Case section is intended to constitute only a brief summary of the claims that *thereafter*

*are alleged in the counts*. The prayer for relief should be restricted to a brief statement of the relief that plaintiff seeks if he obtains a judgment in his favor, such as a specified amount of monetary damages.

Third, plaintiff must present only one constitutional violation per count. For example, constitutional claims based upon an allegedly improperly conducted hearing should not be combined with constitutional claims based upon some other incident at some other time where plaintiff alleges that his rights were violated. If plaintiff files an amended complaint in response to this order that combines more than one constitutional violation in a single count, the Court will consider only the first constitutional violation alleged and will disregard all remaining alleged incidents. Plaintiff must follow the instructions for the complaint form and the orders of the Court.[1]

Fourth, plaintiff must make all of his operative factual allegations within the four corners of the counts of the complaint without incorporating other documents. The counts of the complaint are where the facts must be alleged. Neither the Court nor the defendants are required to sift through other documents trying to figure out who allegedly did what, when, and where, and/or what relief plaintiff is seeking in the action.

Fifth, while otherwise amending the complaint, plaintiff should not identify defendants and other persons with their last name first. Plaintiff instead should identify a defendant or person just by their name in normal order, such as "Sergeant Stephen Torsky." A complaint is not a roll call.

The Court otherwise does not address in this order further deficiencies in particular claims. At this point, plaintiff first must present a consistently coherent complaint. Plaintiff should note, however, the screening standard set forth at the beginning of this order. Claims must be alleged with factual specificity rather than presenting merely formulaic legal jargon. Plaintiff must present allegations that allow the court to infer more than the mere possibility of misconduct. To do so, he must allege specific facts rather than conclusory labels – again, *who* did *what, where,* and *when*.

The Court therefore will dismiss the complaint without prejudice for failure to comply with Rule 8(a) and Local Rule LSR 2-1. The Court will give plaintiff thirty days to file an amended complaint

---

[1] If plaintiff needs more than three counts to present his claims, he can include a copy of count pages from another complaint form and replace the number on the form (I, II, or III) with a new number (IV, V, etc.).

-6-

1  setting forth the claims pursued in a clear manner. If he does not do so, or if he files another opaque
2  and confusing pleading, the Court will dismiss the action without further advance notice for failure to
3  follow the rules and orders of the Court and for failure to state a claim upon which relief may be
4  granted.

5  IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice for failure
6  to state a claim upon which relief may be granted, subject to leave to amend within **thirty (30) days**
7  of entry of this order to correct the deficiencies in the complaint if possible.

8  IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly
9  title the amended complaint as an amended complaint by placing the word "AMENDED" immediately
10 above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:13-cv-**
11 **01899-APG-PAL**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR
12 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus,
13 any allegations, parties, or requests for relief from prior papers that are not carried forward in the
14 amended complaint no longer will be before the court.

15 IT FURTHER IS ORDERED that action on the pauper application (Dkt. #1) is deferred at this
16 time.

17 IT FURTHER IS ORDERED that the Clerk of Court shall re-image the original complaint at
18 Dkt. #1-1.[2]

19 The Clerk shall SEND plaintiff a – legible – copy of the original complaint that he submitted
20 together with two copies of a § 1983 complaint form and one copy of the instructions for same.

21 If an amended complaint is filed in response to this order, the Court will screen the amended
22 pleading before ordering any further action in this case.

23 If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment
24 dismissing this action will be entered without further advance notice. If the amended complaint does
25 not correct the deficiencies identified in this order and otherwise does not state a claim upon which

---

[2]The hard copy original in the "day file" was legible, and it was possible to make a legible photocopy from the "day file" copy. The imaged copy at Dkt. #1-1 also needs to be legible for any reviewing court.

relief may be granted, a final judgment dismissing this action will be entered.  In either event, the pauper application will be acted on in connection with the judgment.

Dated: April 28, 2014.

_____
ANDREW P. GORDON
United States District Judge